## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

James R. Heuss, II, #722209
Avon Park Correctional Institution
8100 Highway 64 East, B3209L
Avon Park, Florida 33825-6801
      Plaintiff,

vs.

THE DEPARTMENT OF THE UNITED
STATES NAVY, 1200 Navy Pentagon
Washington, D.C. 20350, and THE BOARD
FOR CORRECTION OF NAVAL RECORDS,
701 South Courthouse Road, Suite 1001, Arlington,
Virginia 22204-2490,
      Defendants.

                           /

Case: 1:21-cv-01133
Assigned To : Unassigned
Assign. Date : 4/23/2021
Description: Pro Se Gen. Civ. (F-DECK)

ORIGINAL

### COMPLAINT

COMES NOW, the Plaintiff, James R. Heuss, II, acting pro se, and files this complaint seeking this Honorable Court's order directing the Defendants, The Department of the United States Navy, and the Board for Correction of Naval Records, to upgrade the nature and terms of the Plaintiff's military discharge, within the nature of the agency's mandate and the facts, in order to correct the manifest injustice therein.



RECEIVED
Mail Room

APR 23 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

## I.
## INJURY OF WRONG

The Plaintiff, James R. Heuss, II (hereinafter "Heuss"), was discharged from the United States Navy for civilian criminal conviction in the State of Delaware, which never occurred. Heuss has had to suffer the shame of a "Bad Conduct Discharge" ever since. Additionally, Heuss was denied schooling, which was approved and promised to him—Gas Turbine Engine "C" School—and the promotion to E-4 therefrom. Moreover, Heuss has been denied access to many of the benefits afforded to other veterans.

The Department of the United States Navy (hereinafter "U.S. Navy"), by and through the action of the Board for Correction of Naval Records (hereinafter "BCNR"), contrary to the BCNR's mandate, has refused to grant Heuss an upgrade in the nature and terms of his unjust discharge. Thus, the Defendants, the U.S. Navy and the BCNR, have caused Heuss real injury by allowing his unjust Bad Conduct Discharge to persevere.

As the correction of the manifest injustice outlined below is mandated by the BCNR's Charter, Heuss now puts the Defendant's refusal to correct said injustice in this Court's capable hands.

## II.
## JURISDICTION

UNDER THE UNITED STATES CONSTITUTION, ARTICLE III, section 2, "The judicial power shall extend to all cases in law and equity, arising under the constitution, [and] the laws of the United States." Hence, this Court has jurisdiction over the subject matter.

Moreover, pursuant to 28 U.S.C. § 1391(b)(1), this Court has jurisdiction over the parties as each Defendant has its main office in the District of Columbia.

## III.
## IMMUNITY

The Federal Tort claim Act (FTCA), 28 U.S.C. § 1346, et. sec. (1946), did away with discretionary immunity (based on sovereign immunity) for the United States in civil tort actions in federal court. As each of the Defendant's in this case is a department or agency of the United States, immunity has been waived in this case.

## IV.
## STATUTE OF LIMITATIONS

Pursuant to 28 U.S.C. 2401(a), a civil action against the United States must be brought within six years after the right to action accrues. The instant case accrual of the action commenced on October 26, 2017 – The date of the decision to deny a discharge upgrade by the Board for Correction of Naval Records. See Appendix A pg. 1. Hence, this Complaint is timely filed.

3

## V.
## FACTS AND EVIDENCE

On October 26, 2017, the BCNR denied Heuss' request for a discharge upgrade. See Appendix A[1], pgs. 1-4. Heuss had filed an application for an upgrade form DD149 (See Appendix B, pgs. 1-4), to the BCNR, on June 16, 2016, seeking correction of an injustice in his naval record after acquiring new information related thereto – A nolle prosequi in the civilian criminal case upon which Heuss' naval discharge is based. While the BCNR acknowledged receipt of "new evidence not previously considered," Appendix A, pg. 1, it went on to deny a discharge upgrade. In the case at hand, in light of the facts, the BCNR has violated its mandate to correct injustices to naval records when presented therewith. Please accept this short history of the relevant facts:

In October of 1984, Heuss was arrested in Claymont, Delaware, for sexual assault. See Appendix C. On March 12, 1985, without entering a plea, being arraigned, nor even seeing a judge, Heuss made a deal with the Assistant District Attorney (hereinafter "ADA"). In the deal, Heuss signed a Pre-Trial Agreement (hereinafter "Agreement"), in which Heuss admitted culpability "on paper", See Appendix D, and the State of Delaware immediately nolle prossed the criminal case against him. See Appendix E. Heuss signed the Agreement based upon the advice of his civilian attorney, Mary C. Baudart, and the assurance, from the ADA,

---

[1] Heuss has attached nine documents (Appendices A-I) which help to clarify the facts in this action.

that the U.S. Navy would not receive a copy of the Agreement. See Appendix F, pgs. 1-2.

Notwithstanding the ADA's "assurance," the U.S. Navy was given a copy of the Agreement. The U.S. Navy then initiated administrative discharge proceedings against Heuss based solely upon the Agreement. The Administrative Discharge Board (hereinafter "ADB") recommended that Heuss be discharged.[2] This despite the Dissent, as to whether Heuss was indeed convicted in the Delaware case, by Lt. Alan L. Lohman. See Appendix G. Heuss was discharged, on January 2, 1986, for "Bad Conduct – Convicted by Civil (sic) Court During Current Term of Military Service." Appendix H.

In its decision, of October 26, 2017, the BCNR acknowledges the receipt of "new evidence not previously considered," Appendix A, pg. 1, and did a review of Heuss' application. However, while the BCNR took notice of the Nolle Prosequi (See Appendix E), it found "the evidence submitted was insufficient to establish the existence of probable material error or injustice." Appendix A, pg. 1. In fact, in explaining its reasoning the BCNR states, in the attached opinion of a W.C. Herrigan(?), that the Agreement is "tantamount to a finding of guilt," Appendix A, pg. 3, or that Heuss might have been discharged for "Bad Conduct-Commission of

[2] It is worthy of note that Heuss' military attorney for the ADB proceedings, Lt. M. Lynn Dunlap, JAGC, USNR, lied to Heuss. After the ADB recommended a bad conduct discharge, Lt. Dunlap told Heuss there is "no recourse, no appeal from an administrative discharge decision." Appendix I. Being completely naïve to the law, Heuss accepted Lt. Dunlap's misstatement of the law as true.

a serious offense." Appendix A, pg. 4. This places us in a quagmire, as there are constitutional issues in these erroneous conclusions.

The Sixth Amendment to the U.S. Constitution states, "[T[he accused shall enjoy the right to….be informed of the of the nature and cause of the accusation." This applies to all judicial and quasi-judicial proceedings-including the administrative discharge proceeding in Heuss' case. As Heuss was charged, before the ADB, with a conviction by a civilian court, the BCNR cannot, upon learning that the civilian case was nolle prossed, simply recharacterize Heuss' discharge as "Bad Conduct-Commission of a Serious Offense. See U.S. Const., Amend. VI.

As the BCNR has failed to comply with its mandate to correct any injustices it encounters by entering a decision in this case which is arbitrary, capricious, unsupported by substantial evidence, and is contrary to the law—keeping in mind the wise maxim that, "Law is reason free from passion," Aristutle, 384-322 B.C. — Heuss prays the Court render to him a just result and grant him the relief requested below.

## VI.
## TYPE OF TRIAL

Due to the sensitive nature of the issues in the underlying Delaware case, Heuss believes this case should be tried via a bench trial before a district or magistrate judge.

## VII.
## ALTERNATIVE DISPUTE RESOLUTION

In order to achieve a speedy, fair, and economical resolution to the matters at issue in this case, and forestall the time and expense of a full trial, Heuss is willing to participate in Alternative Dispute Resolution (hereinafter "ADR"). To this end, Heuss would readily engage in mediation, arbitration, or a settlement conference.

In whatever form of ADR the Court might decree, it must be taken into account the fact that Heuss is incarcerated, and he is appearing in propria person. Therefore, any negotiation, of necessity, would have to take place at Avon Park Correctional Institution, or telephonically.

## VIII.
## CONCLUSION AND RELIEF SOUGHT

In conclusion, the Plaintiff, James R. Heuss, II, prays this Honorable Court will grant a judgment in the Plaintiff's favor and further order the following relief, so as to correct the injustices outlined above:

(a) An Honorable Discharge under honorable conditions, as there is nothing else in Heuss' Naval Record which would warrant less;

(b) The rank of E-4 (Electrician's Mate, Third Class) which was unfairly estopped when Heuss was unjustly deprived of GTS school;

(c) An RE-1 reinlistment code;

(d) A new DD-214 placed in Heuss' Naval Record, to replace the current one, which reflects the above listed corrections;

(e) Removal of all documents relating to the Delaware case, the administrative discharge proceedings, the Administrative Discharge Board (along with its findings and recommendations), and Heuss' improper discharge, from Heuss' Naval record; and,

(f) Any and all further relief which this Court deems just and appropriate.

Respectfully submitted,

James R. Heuss, II        #722207
Avon Park Correctional Institution
8100 Highway 64 East,   B3209L
Avon Park, Florida 33825-6801


Plaintiff      "Pro Se"

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

Complaint along with the attached Appendices, was served by first-class U.S.

Mail, postage prepaid, on the 16th day of _____April_____,2021, upon the

Defendants:

> The Department of the United States Navy
> 1200 Navy Pentagon
> Washington, D.C. 20350;
> and,
> The Board for Correction of Naval Records
> 701 South Courthouse Road, Suite 1001
> Washington, D.C. 22204-2490.

By:    _____
James R. Heuss, II #722207
Avon Park Correctional Institution
8100 Highway 64 East,   B3209L
Avon Park, Florida 33825-6001


Plaintiff      "Pro Se"